IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JENNIFER A. ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-0705-CV-W-ODS |
| | ) |
| DARLENE R. PRUDEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION TO SUBSTITUTE AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff filed suit in state court on August 7, 2009, asserting claims for injuries arising from an auto accident. The United States Attorney filed a Certification pursuant to U.S.C. § 2679(d) declaring that Defendant Darlene Pruden "was acting within the scope of federal office or employment as an employee of the United States Postal Service at the time of the incident out of which the plaintiff's claims arose." The United States Attorney also removed the case to federal court and filed (1) a motion to substitute the United States as the defendant in place of Ms. Pruden and (2) a motion to dismiss without prejudice. Plaintiff did not respond to the motions within the time allotted by the Local Rules, and on November 2, 2009, the Court *sua sponte* granted Plaintiff until November 23, 2009, to respond. Plaintiff still has not responded. After considering the Government's arguments, both of its motions (Doc. # 6 and Doc. # 7) are granted.

When a defendant has been certified as acting within the scope of his or her federal office or employment at the time of the incident giving rise to suit, the suit "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). Accordingly, the United States is substituted as the defendant in this case in place of Darlene Pruden, and the Clerk of Court is directed to amend the Docket Sheet to reflect this directive.

A negligence claim against the Government is controlled by the Federal Tort Claims Act (FTCA). The FTCA precludes suit on such a claim until certain

administrative procedures have been followed. These procedures generally involve the filing of a claim with the appropriate agency. 28 U.S.C. § 2675. When these procedures are not followed, the court lacks jurisdiction over the claim and it must be dismissed. Plaintiff has not filed an administrative claim, so the case must be dismissed without prejudice.

IT IS SO ORDERED.

                                      /s/ Ortrie D. Smith
                                      ORTRIE D. SMITH, JUDGE
DATE: November 30, 2009         UNITED STATES DISTRICT COURT

2